IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FREDERICK BANKS,**
No. 05711-068,

    **Petitioner,**

vs.

    Case No. 17−cv–724-JPG

**ADRIAN ROE,**
**MARK R. HORNAK,**
**ROBERT CESSAR,**
**SOO SONG,U.S. DISTRICT COURT,**
**SEAN LANGFORD,**
**ROBERT WERNER,**
**SCOTT SMITH,**
**MIKE POMPEO,**
**FEDERAL BUREAU OF**
**INVESTIGATION, and**
**CENTRAL INTELLIGENCE AGENCY,**

    **Defendants.**

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner Frederick Banks, a federal prisoner, brings this action seeking a writ of mandamus. Petitioner filed a Motion to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") on July 10, 2017. Thereafter, the Court denied Petitioner's IFP Motion, noting that, according to Petitioner's motion, he owns real estate in the amount of $250,000, a vehicle in the amount of $29,000, and has an unknown value of stocks and bonds. (Doc. 4). Additionally, the Court noted that Petitioner had $693.00 in a checking or savings account and had received $1200.00 from friends in the past 12 months. *Id.*

In light of the above, the Court ordered Petitioner to pay the filing fee no later than October 19, 2017. The Court warned Petitioner noncompliance would result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). A copy of the order was mailed to Petitioner at the address on file with the Court.

The deadline for paying the full filing fee has now passed without any communication from Petitioner.

Accordingly, this action is **DISMISSED** without prejudice for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

Petitioner's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To that end, the agency having custody of the Petitioner is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Petitioner shall make monthly payments of 20% of the preceding month's income credited to Petitioner's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Petitioner shall forward these payments from the Petitioner's trust fund account to the Clerk of this Court each time the Petitioner's account exceeds $10.00, until the $400.00 fee is paid.

Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is

**DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Northeast Ohio Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Petitioner may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: October 30, 2017**

s/ J. PHIL GILBERT
United States District Judge